IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN ELLIS JOHNSON                                                                                      PETITIONER
*ADC #121088*

V.                                    CASE NO. 2:24-cv-00081-DPM-JTK

DEXTER PAYNE                                                                                           RESPONDENT
*Director, ADC*

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry date of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**I.   Background**

Pro se Petitioner John Johnson ("Johnson") is an inmate in the East Arkansas Regional Unit of the Arkansas Division of Correction (ADC). He was convicted of second-degree murder and first-degree battery in Pulaski County Circuit Court on November 30, 2018. He is currently serving an 80-year sentence.[1]

---

[1] Johnson was sentenced to 40 years for the murder conviction, 20 years for the battery conviction, and 20 years for two firearm enhancements.

1

On August 29, 2022, Johnson filed a habeas petition under 28 U.S.C. § 2254, alleging that he was convicted as a result of false evidence presented at his state trial and that he received ineffective assistance of counsel on direct appeal. *See Ellis v. Payne*, No. 2:22-CV-00150-LPR-JJV, 2022 WL 17979798 (E.D. Ark. Dec. 28, 2022) (unpublished).[2] In that case, Judge Lee Rudofsky adopted Magistrate Judge Joe Volpe's Recommended Disposition, denied the relief requested, and dismissed the petition for failure to pay the filing fee and as time-barred. *Id.* A certificate of appealability was not issued. *Id.*

Johnson filed the instant action on April 23, 2024. Although filed under § 2241, the instant matter involves the same state criminal proceeding and convictions as Johnson's previous petition. Therefore, in an Order dated and entered the same day as this Recommendation, the undersigned directed the Clerk of Court to reclassify the instant case under 28 U.S.C. § 2254. Johnson's current petition and several other filed documents are difficult to understand, but it appears that he is raising several grounds that challenge the validity of his state convictions, his sentence, and the dismissal of his previous habeas case.[3]

Based on the discussion below, the undersigned recommends that the habeas petition be denied and dismissed as successive and that all pending motions be denied as well.

---

[2]Johnson was referred to as John Johnson Ellis in his previously filed habeas case (No. 2:22-cv-150). In the instant matter, his name is listed as John Ellis Johnson. Nevertheless, his ADC or inmate number is the same in both cases. It has been determined that he is the same petitioner in the referenced cases despite the reversal of his middle and last names.

[3]On the § 2241 form, Johnson also checked two boxes, which state that he is challenging a detainer and disciplinary proceedings, but nowhere in his petition does it appear that he discusses such. It seems as if Johnson is attempting to disguise his habeas petition as one pursuant to § 2241 as opposed to § 2254 without the proper grounds to do so. Furthermore, attacking the dismissal of his previous habeas case by this Court in the instant petition is not proper.

II.   Discussion

    A.  *Successive Petition*

In order for a state inmate to file a second or successive habeas petition under § 2254, that inmate must follow strict procedures as set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Typically, "a claim presented in a successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Claims in a successive application that were not presented in a prior application shall also be dismissed unless: (1) the applicant demonstrates that the new claims rely on new and retroactive constitutional law or (2) the applicant had previously exercised due diligence but was unable to discover the factual predicate for the new claims and the facts "establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(A)–(B)(ii). Before filing a successive petition in a district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). *See Id.* § 2254, R. 9.

As stated, Johnson's specific grievances are difficult to comprehend, but even liberally examining his instant habeas petition, the undersigned has determined that it is successive. This Court does not have jurisdiction to fully review and decide this matter.

The instant petition involves the same state convictions and judgment as that of Johnson's previous petition. His previous petition was dismissed as untimely, and "the dismissal of a federal habeas petition on the basis of untimeliness is a determination on the merits for purposes of the successive petition rule." *Bateman v. Mesmer*, No. 2:20-CV-00027-CDP, 2020 WL 8768071, at *2 (E.D. Mo. Aug. 6, 2020). *See Murray v. Greiner,* 394 F.3d 78, 81 (2d Cir. 2005); *Riley v.*

*Stenseth*, No. CV 23-2804 (JRT/ECW), 2024 WL 21394, at *2 (D. Minn. Jan. 2, 2024). Therefore, the dismissal of the previous petition as time-barred constitutes a disposition on the merits, and the instant petition challenging the same convictions is deemed successive.

Thus, claims that Johnson presented in his initial petition and that he now wants to relitigate here cannot and will not survive dismissal under 28 U.S.C. § 2244(b)(1). For Johnson to properly bring new claims in a successive petition, he must first seek permission from the United States Court of Appeals for the Eighth Circuit before this Court can review them. *See* 28 U.S.C. § 2244(b)(2)–(3)(A). Johnson has not followed AEDPA's stringent procedures relating to second or successive habeas petitions. Because he has not been granted leave by the Eighth Circuit to file a successive habeas petition, his instant petition must be denied and dismissed as successive.

B. *Summary Dismissal*

Rule 4 of the Rules Governing § 2254 Cases states: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Here, it plainly appears that Johnson is not entitled to relief because he filed a previous habeas petition challenging the same convictions as in the instant case; that petition was dismissed as untimely, which is a disposition on the merits; and that makes the instant habeas petition successive. He has neither alleged a new, retroactive constitutional law nor alleged claims based on newly discovered facts with clear and convincing evidence to demonstrate that he should have been found not guilty of the underlying charges. Furthermore, he has not sought permission from the Eighth Circuit for this Court to fully review his instant petition.

**III.    Certificate of Appealability**

Under Rule 11 of the Rules Governing § 2254 Cases, a federal court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "A certificate of

4

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, courts must determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Because Johnson has not made the requisite showing, the undersigned does not recommend issuing a certificate of appealability.

**IV.** **Conclusion**

For the foregoing reasons, the undersigned recommends that:

A. Johnson's habeas petition be **DENIED** as successive.

B. Johnson's Motions for Leave to Proceed *in forma pauperis* (Doc. No. 2), to Amend (Doc. No. 13), and for Order (Doc. No. 14) all be **DENIED**.

C. This case be **DISMISSED** with prejudice.

D. A certificate of appealability be **DENIED**.

DATED THIS 6th day of June, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE